UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL P. TATRO,
    Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES, LLC, ENCORE CAPITAL
GROUP, INC., MIDLAND FUNDING
LLC, MIDLAND CREDIT
MANAGEMENT, INC.,
CONVERGENT OUTSOURCING,
INC., FRONTLINE ASSET
STRATEGIES LLC, and ESC/CREDIT
BASICS,
    Defendants.

C.A. No. 18-341-JJM-PAS

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

Defendants Encore Capital Group, Inc., Midland Funding LLC, and Midland Credit Management, Inc. move to dismiss Plaintiff Michael P. Tatro's Complaint for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6). ECF No. 20. For reasons set forth below, the Court GRANTS Defendants' Motion.

I.    BACKGROUND

Defendants Encore Capital Group, Inc., Midland Funding LLC, and Midland Credit Management, Inc. (collectively "the Midland Defendants") are a "consortium of entities whose primary purpose is the collection of third-party debt."[1] ECF No. 1-

---

[1] The Court takes the facts from the Complaint. ECF No. 1-1.

1 at 6. On September 18, 2016, the Midland Defendants transferred Mr. Tatro's means of identification, including, but not limited to his name, date of birth, and portions of social security number to Trans Union, a consumer reporting agency, to obtain a credit report. In doing so, the Midland Defendants certified the permissible purpose of the request as collection. Mr. Tatro denies that he is a customer or judgment debtor of Midland Credit Management, Inc. ("MCM"), and asserts that he did not grant permission to the Midland Defendants to obtain his credit report. Upon discovering that MCM requested and received his credit report, Mr. Tatro contacted MCM to identify the debt it was trying to collect, providing his date of birth and the last six digits of his social security number. MCM was unable to locate an account in Mr. Tatro's name based on the information he had provided and requested further identifying information, including his social security number in full, or previous address, and full name. Mr. Tatro did not provide this additional information.

Mr. Tatro brought this action alleging Defendants violated his privacy rights as well as his rights under state and federal statutes relating to credit reporting and debt collection. As to the moving Midland Defendants, Mr. Tatro claims that they improperly accessed his credit report without a permissible purpose. Mr. Tatro asserts that by this conduct, the Midland Defendants violated the federal Fair Credit Reporting Act ("FCRA"), committed identity fraud as defined under state law, invaded his privacy, negligently disclosed his personal information, and converted his personal identity.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, the Court accepts a plaintiff's allegations as true and draws all reasonable inferences in his favor. *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir. 2009). To withstand "a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 58 (1st Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). That said, conclusory allegations, recitations of the elements, and legal conclusions cannot meet the standard. *Twombly*, 550 U.S. at 555; *see also Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1998) ("[A] plaintiff...is...required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.").

## III. DISCUSSION

Mr. Tatro's primary theory of liability is that the Midland Defendants obtained his credit report without a permissible purpose. He asserts that by doing so, the Midland Defendants violated the FCRA, committed identity fraud, invaded his privacy, negligently disclosed his personal information, and converted his personal identity.[2] The Midland Defendants move to dismiss alleging that Mr. Tatro has not alleged the necessary elements of the claimed violations. The Court agrees.

---

[2] Mr. Tatro requested leave of the Court to dismiss his Negligent Dissemination of Plaintiff's "Means of Identification" and Conversion of Intangible Property claims. ECF No. 31-1 at 53. Counts 11 and 13 against the Midland Defendants are therefore dismissed.

3

A. The Fair Credit Reporting Act Claim Fails Because Mr. Tatro Has Not Plausibly Alleged the Elements of a Violation

To get beyond the pleading stage of a FCRA claim, "Plaintiff first must set forth facts sufficient to plausibly allege that: (1) Defendant obtained the credit reports for an impermissible purpose; and (2) that Defendant's conduct was either willful or negligent." *Lecaj v. Green Tree Servicing, LLC*, 130 F. Supp. 3d 469, 470 (D. Mass. 2015) (citing *Perez v. Portfolio Recovery Assocs., LLC*, No. CIV. 12-1603 JAG, 2012 WL 5373448, at *2 (D.P.R. Oct. 30, 2012)). Mr. Tatro's allegations fall short.

Mr. Tatro alleges no facts sufficient to plausibly allege that the Midland Defendants had an "impermissible" purpose. Mr. Tatro claims that the purported lack of a permissible purpose is alleged because MCM could not locate any account in his name. ECF No. 1-1 at ¶ 123. However, courts have found that a credit report may be permissibly obtained simply to review an account. See *Perez*, 2012 WL 5373448, at *8 ("no part of the FCRA prevents third-parties from searching a person's credit report, even ones with no previous relationship to the third person, provided that the inquiry is done for permissible purposes."); *see also Daniel v. Midland Funding, LLC*, No. 15-CV-10956, 2016 WL 4253886, at *4 (E.D. Mich. Aug. 12, 2016) ("actual ownership or authority to collect on a debt is not necessary for a debt collected to permissibly obtain a credit report; for example, it is permissible for potential debt buyers to obtain a credit report to determine whether it will purchase the debt"). Moreover, contrary to Mr. Tatro's argument, the FCRA does not require debt collectors to verify the accounts they look to collect. *See Robinson v. Greystone Alliance, LLC*, No. BPG-10-3658, 2011 WL 2601573, at *3 (D. Md. June 29, 2011) ("As

4

long as the debt collector has reason to believe that the consumer owes the debt, the debt collector may permissibly obtain the consumer's credit report without violating the FCRA").

15 U.S.C. § 1681b provides, in relevant part:

a) In general
Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
...
(3) To a person which it has reason to believe--
(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
...
(E) intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or
...

Thus, an entity may obtain a credit report about a consumer even if it does not ultimately enter into a transaction with the consumer and it is not the original creditor. Plaintiff characterizes the Midland Defendants as entities who purchase delinquent debts and then collect or attempt to collect them. ECF No. 1-1 at ¶ 30. Section 1681b(a)(3)(A) provides that a business may request a credit report when the business is contemplating entering into a transaction that would result in the requestor collecting an account of that consumer. Section 1681b(1)(3)(E) provides that a business may request a consumer report to evaluate the value of a credit obligation as a potential investment.

Mr. Tatro never argues that the Midland Defendants accessed his credit report for a purpose other than collection. Without particularized allegations that the Midland Defendants obtained his credit report for an impermissible purpose, Mr. Tatro fails to state a claim under the FCRA. *See Perez*, 2012 WL 5373448, at *2 (holding that to survive a Motion to Dismiss on an FCRA claim, the complaint must allege sufficient facts to establish to a plausible degree that Defendant obtained the credit reports for an impermissible purpose).

B. The Identity Theft Claim Fails Because There Are No Allegations of Intent to Defraud or Unlawful Activity by The Midland Defendants

Mr. Tatro also seeks to recover under a state criminal statute that permits him to seek damages for violating criminal statutes. ECF No. 1-1 at ¶¶ 130-133. R.I.G.L. § 9-1-2 provides, "Whenever any person shall suffer any injury to his or her person, reputation, or estate by reason of the commission of any crime or offense, he or she may recover his or her damages for the injury in a civil action against the offender." Mr. Tatro alleges that the Midland Defendants engaged in identity theft by using his "means of identification" to obtain a credit report and points to R.I.G.L. § 11-49.1-3 as the violated statute:

> (a) Any person who shall: (1) knowingly and without lawful authority produce an identification document or a false identification document; (2) knowingly transfer an identification document or a false identification document knowing that the document was stolen or produced without lawful authority; (3) knowingly possess with intent to use unlawfully or transfer unlawfully five (5) or more identification documents (other than those issued lawfully for the use of the possessor) or false identification documents; (4) knowingly possess an identification document (other than one issued lawfully for the use of the possessor) or a false identification document, or financial information with the intent that the document or financial information be used to defraud the

6

United States, the State of Rhode Island, any political subdivision of it or any public or private entity; (5) knowingly transfer, or possess a document-making implement with the intent that the document-making implement will be used in the production of a false identification document or another document-making implement which will be so used; (6) knowingly possess a false identification document that is or appears to be a genuine identification document of the United States, the State of Rhode Island or any political subdivision of it or any public or private entity which is stolen or produced without lawful authority knowing that the document was stolen or produced without such authority; or (7) knowingly transfer or use with intent to defraud, without lawful authority, a means of identification or financial information of another person living or dead, with the intent to commit, or to aid or abet, any unlawful activity that constitutes a violation of federal, state or local law; shall be guilty of a felony and shall be subject to the penalties set forth in § 11-49.1-4.

The relevant portion of the statute, subsection 7, prohibits the knowing transfer or use with intent to defraud, without lawful authority, a means of identification of another person with the intent to commit another crime. Mr. Tatro's Complaint alleges no facts relating to any intended or actual unlawful authority by the Midland Defendants. Moreover, Mr. Tatro fails to allege any harm, a necessary element to establish a right of recovery under R.I.G.L. § 9-1-2, because of the Midland Defendants obtaining his credit report.

  C. The Invasion of Privacy Claim Fails Because Plaintiff Does Not Allege an Invasion

Mr. Tatro's third cause of action asserts that his statutory right to privacy was violated when the Midland Defendants obtained his credit report. ECF No. paragraph 137. Under the statute, a plaintiff must plead and prove: (1) an invasion of something that is entitled to be private or would be expected to be private; and (2) the invasion was or is offensive or objectionable to a reasonable person. *See* R.I.G.L.

7

§ 9-1-28.1(a)(1). If private information is not obtained through unlawful or improper means, there is no invasion of privacy under the statute. *See Ponthriand v. Sundlun*, 699 A.2d 856, 863-64 (R.I. 1997) ("Since there are no allegations in the complaint that the information...was acquired through any wrongful or improper means, the depositors have not stated a cause of action for intrusion under § 9-1-28.1(a)(1)."); *see also Harris by Harris v. Easton Publishing Co.*, 335 Pa. Super. 141, 483 A.2d 1377 (1984) (finding no tort of invasion of privacy was shown where facts published were not obtained by intentional intrusion).

Here, the allegations fall short for several reasons. First, Mr. Tatro does not specify what private information was disclosed or any facts supporting the claim that any information was in fact private, only alleging that identifying information was disclosed to obtain his credit report. He also does not claim that the Midland Defendants obtained any information improperly. Without alleging that the Midland Defendants obtained private information through improper means, the invasion of privacy claim under R.I.G.L. 9-1-28.1(a)(1) must fail.

## IV. CONCLUSION

Mr. Tatro has failed to allege plausibly any cause of action against the Midland Defendants. The Court thus GRANTS the Midland Defendants' Motion to Dismiss. ECF No. 20.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

December 12, 2018