UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL P. TATRO,
    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, ENCORE CAPITAL GROUP, INC., MIDLAND FUNDING LLC, MIDLAND CREDIT MANAGEMENT, INC., CONVERGENT OUTSOURCING, INC., FRONTLINE ASSET STRATEGIES LLC, and ESC/CREDIT BASICS,
    Defendants.

C.A. No. 18-341-JJM-PAS

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

Plaintiff Michael P. Tatro brought claims under the Federal Fair Credit Reporting Act ("FCRA") and Rhode Island state law against Defendants. The Court granted a motion to dismiss by Encore Capital Group Inc., Midland Funding LLC, and Midland Credit Management, Inc. (collectively "the Midland Defendants") on all of Mr. Tatro's claims against them for failure to state a claim. ECF No. 33. Mr. Tatro now moves the Court to vacate its order dismissing his claims against the Midland Defendants and seeks leave to file a first amended complaint. ECF Nos. 39, 35. For the following reasons, the Court DENIES both of Mr. Tatro's motions.

## I. BACKGROUND

Mr. Tatro alleges that Defendants violated his privacy rights as well as his rights under state and federal statutes relating to credit reporting and debt collection. The Defendants sent Mr. Tatro's identification, including his name, date of birth, and portions of social security number to a consumer reporting agency to obtain a credit report. In doing so, the Defendants certified the permissible purpose of the request as collection. Mr. Tatro denies that he is a customer or judgment debtor of the Defendants and assert that he did not grant permission to obtain his report. Mr. Tatro claims that Defendants thus improperly accessed his credit report without a permissible purpose and by this conduct, violated the FCRA, committed identity fraud as defined under state law, and invaded his privacy.

## II. STANDARD OF REVIEW

Rule 60(b)(6) of the Federal Rules of Civil Procedure allows the court to relieve a party from a judgment for any reason that justifies relief. The First Circuit has held that courts considering motions for relief from judgment under the catch-all provision ordinarily examine non-exclusive or rigidly-applied factors: (1) the motion's timeliness, (2) whether exceptional circumstances justify extraordinary relief, (3) whether the movant can show a potentially meritorious claim, which, if proven, could bring her success at trial, and (4) the likelihood of unfair prejudice to the opposing party. *Bouret-Echevarria v. Caribbean Aviation Maint. Corp.*, 784 F.3d 37, 43 (1st Cir. 2015). For a court to reconsider a prior order, the movant must demonstrate that newly discovered evidence has come to light or that the court committed a manifest

error of law. *United States v. Negron*, No. 13-184-JJM-PAS, 2017 U.S. Dist. LEXIS 178815, at *1-2 (D.R.I. Oct. 27, 2017) (quoting *Mulero-Abreu v. P.R. Police Dep't*, 675 F.3d 88, 94-95 (1st Cir. 2012); *see also Lopez-Rosario v. Programa Seasonal Head Start*, 140 F. Supp. 3d 214, 220 (D.P.R. 2015) (holding that a court may invoke Rule 60(b)(6) to cure a manifest error of law if the error constitutes a reason that justifies relief).

The Federal Rules also require that a motion to amend be "freely give[n] leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a motion for leave to amend may be denied on grounds of undue delay, bad faith, futility, and the absence of due diligence on the part of the movant. *See Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006). In determining whether it would be futile to grant a motion to amend, a court applies the same standard of legal sufficiency as it applies to a motion to dismiss for failure to state a claim upon which relief could be granted. *Harvey v. Snow*, 281 F. Supp. 2d 376, 381 (D.R.I. 2003) (citing *Correa-Martinez v. Arrillaga-Belendez*, 903 F.3d 49, 59 (1st Cir. 1990)).

## III. DISCUSSION

*Motion to Vacate*

Mr. Tatro's Motion to Vacate centers on his assertion that the Court erred in failing to adopt the reasoning of *Pintos v. Pacific Creditor's Assn*, 605 F.3d 665 (9th Cir. 2010). In *Pintos*, the Ninth Circuit held that credit checks under 15 U.S.C. § 1681b(a)(3)(A) are authorized only when the person whose credit is being checked is drawn in as a participant. 605 F. 3d at 676 (finding that transaction did not "involve"

the plaintiff where she did not seek or apply for credit from a tow company but was obliged to become associated with it after her car was towed that resulted in a lien being placed on the car). Relying on this case, Mr. Tatro asserts that the Midland Defendants lacked a permissible purpose for requesting his credit report because he was not "involved in any credit transaction with Midland or a potential original creditor." ECF No. 39 at 7. However, the reliance on the term is only relevant to 15 U.S.C. § 1681b(a)(3)(A) and not relevant to 15 U.S.C. § 1681b(a)(3)(E), which does not contain the word "involved."[1] Accordingly, even if the Court were to adopt the rational of *Pintos*, Mr. Tatro does not aver sufficient facts to establish to a plausible degree that the Midland Defendants obtained his credit reports for an impermissible purpose, and that their conduct was willful or negligent. There was no manifest error of law and thus, Mr. Tatro's Motion to Vacate is denied.

Mr. Tatro also argues that the Court prematurely granted the Midland Defendants' Motion to Dismiss his state claims without first ruling on his claim that he was not involved in a credit transaction with them. Now that the Court has addressed that claim and because Mr. Tatro does not present any new authority for his argument that the Court committed a manifest error in dismissing the claims, his Motion to Vacate the dismissal of his state claims is also denied.

---

[1] 15 U.S.C. § 1681(b)(3)(E) provides that a consumer reporting agency may furnish a credit report if it "intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation[.]"

4

*Motion to Amend*

Mr. Tatro also seeks leave to amend his complaint to include four new Defendants and new causes of actions against the existing defendants, including allegations that the existing Defendants obtained his credit report under false pretenses. ECF No. 35. Mr. Tatro alleges that they obtained his credit report to decide whether to purchase an account owned by him even though he was not "involved" in the transaction, and they obtained his credit report under "false pretenses" by certifying that they were requesting his report for collection when the purpose was actually to decide whether or not to purchase certain accounts. ECF No. 35-1 at 31, 37.

Mr. Tatro's proposed amendments as they pertain to the existing defendants are futile. As discussed above, the allegation that Mr. Tatro was not "involved" in a transaction is not relevant where a creditor obtains a credit report as permitted by 15 U.S.C. § 1681(a)(3)(E). Further, Mr. Tatro's allegations that Defendants used "false pretenses" to obtain his credit report also fail to state a claim because obtaining a credit report in order to evaluate a potential investment is permitted by 15 U.S.C. § 1681(a)(3)(E). *See Baker v. Bronx-Westchester Investigations, Inc.*, 850 F. Supp. 260, 263-64 (S.D.N.Y. 1994) (holding that if user of information has permissible purpose to obtain consumer report, then user does not obtain report from credit reporting agency under false pretenses); *see also Scharpf v. AIG Marketing, Inc.*, 242 F. Supp. 2d 455 (W.D. Ky. 2003) (finding that if a person obtains and uses a consumer report pursuant to a valid permissible purpose authorized by the FCRA, it cannot be

*Motion to Amend*

Mr. Tatro also seeks leave to amend his complaint to include four new Defendants and new causes of actions against the existing defendants, including allegations that the existing Defendants obtained his credit report under false pretenses. ECF No. 35. Mr. Tatro alleges that they obtained his credit report to decide whether to purchase an account owned by him even though he was not "involved" in the transaction, and they obtained his credit report under "false pretenses" by certifying that they were requesting his report for collection when the purpose was actually to decide whether or not to purchase certain accounts. ECF No. 35-1 at 31, 37.

Mr. Tatro's proposed amendments as they pertain to the existing defendants are futile. As discussed above, the allegation that Mr. Tatro was not "involved" in a transaction is not relevant where a creditor obtains a credit report as permitted by 15 U.S.C. § 1681(a)(3)(E). Further, Mr. Tatro's allegations that Defendants used "false pretenses" to obtain his credit report also fail to state a claim because obtaining a credit report in order to evaluate a potential investment is permitted by 15 U.S.C. § 1681(a)(3)(E). *See Baker v. Bronx-Westchester Investigations, Inc.*, 850 F. Supp. 260, 263-64 (S.D.N.Y. 1994) (holding that if user of information has permissible purpose to obtain consumer report, then user does not obtain report from credit reporting agency under false pretenses); *see also Scharpf v. AIG Marketing, Inc.*, 242 F. Supp. 2d 455 (W.D. Ky. 2003) (finding that if a person obtains and uses a consumer report pursuant to a valid permissible purpose authorized by the FCRA, it cannot be

held liable under a false pretenses theory). Accordingly, Mr. Tatro's amendments to his complaint are futile as he must plausibly allege facts showing that the existing Defendants obtained his credit report for an impermissible purpose and still fails to do so. Thus, Mr. Tatro is denied leave to file a first amended complaint.

IV. CONCLUSION

Mr. Tatro has failed to demonstrate that the Court committed a manifest error of law in dismissing his claims against the Midland Defendants. The Court thus DENIES Mr. Tatro's Motion to Vacate. ECF No. 39. In light of the futility of the proposed amendments to the Complaint, Mr. Tatro's Motion to Leave to File a First Amended Complaint is DENIED. ECF No. 35.[2]

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

July 19, 2019

---

[2] Defendant Convergent Outsourcing, Inc. filed a Motion for Judgment on the Pleadings. ECF No. 32. The Court GRANTS that Motion as unopposed. Also, Encore Capital Group, Inc., Midland Credit Management, Inc, and Midland Funding LLC filed a Motion for Final Judgment. ECF No. 47. The Court GRANTS that Motion as unopposed.